**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1682-24

IN THE MATTER OF THE
ESTATE OF MARY M. O'HARA-
IACAMPO, deceased.

_____

Argued April 21, 2026 – Decided May 6, 2026

Before Judges Gilson and Perez Friscia.

On appeal from the Superior Court of New Jersey, Chancery Division, Warren County, Docket No. P-000167-24.

Damiano M. Fracasso argued the cause for appellants Bernard G. O'Hara, Kevin G. O'Hara, John M. O'Hara, Steven G. O'Hara and Keith G. O'Hara.

William E. Mandry (William E. Mandry, PC) argued the cause for respondent Vincent Iacampo, Sr.

PER CURIAM

Appellants Bernard G. O'Hara, Kevin G. O'Hara, John M. O'Hara, Steven G. O'Hara and Keith G. O'Hara, appeal from the December 27, 2024 order awarding respondent Vincent Iacampo, Sr. (Iacampo) attorney's fees in the amount of $19,050 and costs in the amount of $966.10. Having reviewed the

record, parties' arguments, and applicable law, we reverse and remand for further proceedings consistent with this opinion.

I.

Iacampo and Mary M. O'Hara-Iacampo were married in 2008. Appellants are Mary's five children from a previous marriage.[1]

On January 27, 2016, Mary executed her "Last Will and Testament" (Will) and the "Revocable Living Trust of Mary M. O'Hara-Iacampo" (Trust). Mary named Iacampo as the executor of her Will and the successor trustee of her Trust upon her death. Mary passed away on December 10, 2023.

On May 30, 2024, Bernard filed a caveat "against [p]robate of . . . Mary's Will." Thereafter, appellants filed an arbitration demand.

On October 21, 2024, Iacampo filed a verified complaint and order to show cause (OTSC) against appellants seeking: to discharge Bernard's caveat; the return of the "original" Trust document; to be appointed as the executor of Mary's Will and as the trustee of her Trust; the suspension of any arbitration action; an accounting; the return of Mary's estate and Trust assets; and an award

---

[1] Because Mary M. O'Hara-Iacampo, Bernard G. O'Hara, Kevin G. O'Hara, John M. O'Hara, Steven G. O'Hara and Keith G. O'Hara share the same surname, we use first names to avoid confusion. We intend no disrespect by this informality.

A-1682-24

of attorney's fees and costs. On November 22, 2024, appellants filed an answer and opposition.

On December 5, 2024, the court held a summary hearing pursuant to Rule 4:67-2. The parties agreed to the dismissal of Bernard's caveat and to Iacampo's appointment to "serve as the executor." After argument, the court issued an order accompanied by an oral decision. The court discharged the caveat, ordered appellants to return the original Trust document to Iacampo, and appointed Iacampo as the executor of Mary's Will and the trustee of her Trust. Further, the court granted Iacampo's "request to restrain [appellants] from proceeding with arbitration," but denied enforcement of "the in terrorem clause" under the Trust against appellants and denied the imposition of "a constructive trust" because there was no "proof of dissipation."

Regarding Iacampo's request for attorney's fees, the court explained it would "consider [his] application for counsel fees" and ordered the submission of "a certification of services." The court's December 5, 2024 order required Iacampo's counsel to file "a certification of services for [c]ounsel fees and costs . . . within fifteen (15) days of the date of the [o]rder." The court's order did not set a deadline for appellants to file opposition.

On December 16, 2024, Iacampo's counsel, William E. Mandry, Esq.,

filed a certification of services pursuant to Rule 4:42-9(b).  In Mandry's certification, he requested a total amount of $35,076.10 for attorney's fees and costs.  The requested attorney's fees consisted of $34,110 based on "75.8 [h]ours" of work at an hourly rate of $450.  The "$966.10" in costs included the $250 verified complaint filing fee and $716.10 for the "[a]mount of costs for [c]ertified [m]ails and [r]egular [m]ails, filing fee, and LEXIS research fee."

On December 27, 2024, eleven days after Mandry had filed the fee application on behalf of Iacampo, the court issued an order, accompanied by a written statement of reasons, awarding Iacampo "attorney's fees out of a fund in court" pursuant to Rule 4:42-9(a)(2).  Appellants had not filed opposition to Iacampo's application for attorney's fees.  The court ordered attorney's fees in the amount of $19,050 and costs in the amount of $966.10.  The court ordered "the Estate of Mary M. O'Hara shall pay" Iacampo's attorney's fees and costs "within [thirty] days of the date of th[e] [o]rder."[2]  In its statement of reasons, the court determined Iacampo's "fees are chargeable to the [e]state because the bulk of the work performed inured to the benefit of the [e]state."  (emphasis

---

[2]  We note the court's December 27, 2024 order contains a crossed-out word, "defendants," and a handwritten notation, "Estate of Mary M. O'Hara."  We are satisfied the court intended to replace the crossed-out word with the handwritten notation.

added).  The court explained Iacampo's action and Mandry's "legal work" were directly caused by Bernard's filed caveat, appellants' refusal to return the original Trust document, and appellants' filing of an arbitration demand, which prohibited Iacampo from administering Mary's Will and Trust.

On December 31, 2024, appellants' counsel, Damiano M. Fracasso, Esq., sent a letter to the court requesting "additional time to dissect and oppose" Iacampo's fee application.  Fracasso asserted the fee application was "submitted" "at 4:36 p.m. on December 16, 2024," the "[e]state is not legally entitled to an award of attorney's fees," the attorney's fees charged were "exaggerated and unreasonable," and the attorney's fee application presented "complex[]" issues requiring more time to respond.

The same day, Mandry filed a letter objecting to Fracasso's request, and stated the court's "December 5, 2024 [order] clearly designated that counsel fees would be paid in this matter by" appellants.  Further, Mandry maintained reconsideration was unwarranted because the court provided a "well-reasoned decision . . . awarding counsel fees."

On January 6, 2025, Fracasso sent a second letter on appellants' behalf advising the court he had received "possession [that day] of [the court's] . . . December 27, 2024" order "awarding the [e]state $19,050 in attorney's fees and

alleged expenses."  Fracasso asserted appellants "were not afforded reasonable notice and opportunity to be heard on the issues of" the application for attorney's fees, including Mandry's submitted "certification of services and costs."  He again reiterated Mandry's certification of services and costs was not received "until after close of court on December 16, 2024."  It does not appear the court addressed the letters.

On appeal, appellants contend the court:  (1) abused its discretion by issuing an award of attorney's fees without providing appellants reasonable notice and an opportunity to be heard; (2) misapplied the "American Rule" and Rule 4:42-9's limited exceptions; (3) committed reversible error in awarding attorney's fees and expenses unrelated to matters before it; and (4) erred in determining the requested attorney's fees and expenses were reasonable.

II.

"We review the trial court's award of fees and costs in accordance with a deferential standard."  Hansen v. Rite Aid Corp., 253 N.J. 191, 211 (2023).  "A reviewing court should not set aside an award of attorneys' fees except 'on the rarest occasions, and then only because of a clear abuse of discretion.'"  Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 155 (App. Div. 2016) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).  "When . . . there is

6

explicit legal authority for the court to award counsel fees, the court calculates the award of counsel fees by determining the 'lodestar,' . . . a reasonable hourly charge multiplied by the number of hours expended."  In re Prob. of Will & Codicil of Macool, 416 N.J. Super. 298, 313 (App. Div. 2010) (quoting Rendine, 141 N.J. at 334-35).  Only when a court's determination of fees was based on "irrelevant or inappropriate factors, or amounts to a clear error in judgment," should the reviewing court intervene.  See Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005) (citing Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

"[A]ll applications for the allowance of fees shall be supported by an affidavit of services addressing the factors enumerated by [Rule of Professional Conduct] 1.5(a)."  R. 4:42-9(b).  Rule 1:6-2 states that "[g]enerally[,] [a]n application to the court for an order shall be by motion."  Further, "a notice of motion shall be filed and served not later than [sixteen] days before the specified return date unless otherwise provided by court order."  R. 1:6-3(a).  "[A]ny opposing affidavits, certifications[,] or objections filed pursuant to [Rule] 1:6-2 shall be filed and served not later than [eight] days before the return date[,] unless the court relaxes that time," and "[r]eply papers . . . shall be filed and served not later than [four] days before the return date."  R. 1:6-3(a).  In pending

Chancery Division cases, "the judge, on receipt of motion papers, shall determine the mode and scheduling of the disposition of the motion."  R. 1:6-2(b).

## III.

Appellants contend the court abused its discretion in awarding Iacampo attorney's fees and costs without providing them an opportunity to respond and be heard on the fee application.  Specifically, appellants argue it was error for the court to "never set or communicate a deadline for . . . appellants to submit opposition" to Iacampo's application.  Because the court neither set a deadline for appellants' opposition to be filed nor followed the procedures set forth in Rule 1:6-2 and Rule 1:6-3, we conclude that reversal and a remand is warranted to provide appellants an opportunity to oppose the fee application.

While the court's December 5, 2024 order appropriately required Mandry to submit "a certification of services for [c]ounsel fees and costs . . . within fifteen . . . days," the court set no return date and deadline for appellants' opposition to be filed.  Had Iacampo's fee application been treated as a motion under Rule 1:6-3(a), appellants would have been provided eight days before the return date set to file opposition.  Alternatively, because the matter was in the Chancery Division, Probate Part, the court had the authority to set the "mode

and scheduling" of the application, providing appellants with a fair opportunity to be heard. See R. 1:6-2(b).

We have held an award of attorney's fees "based solely on affidavits and an in camera review of . . . counsel's files" is improper without affording an opposing party "an opportunity to review" the submissions and oppose "the services rendered and the reasonableness of the fees requested." Scott v. Salerno, 297 N.J. Super. 437, 452 (App. Div. 1997). The court issued its order and written decision awarding attorney's fees and costs unopposed on December 27, 2024, eleven days after Mandry's filing of his certification.

We also note Fracasso wrote to the court on appellants' behalf on two separate occasions, seeking an "opportunity [for appellants] to be heard" on the application. In Fracasso's December 31, 2024 letter, he requested appellants be afforded "additional time" based on the "holidays" and "complexity" of the application. The court apparently did not contact counsel, hold a case management conference, or relist the matter to provide appellants an opportunity to file opposition.

We are further unpersuaded by Iacampo's merits brief argument that appellants had ample time to respond because the certification was filed on December 16, 2024, and the court's order was issued on "December 27, 2024,

thirteen . . . days" later. See R. 1:3-1 (stating that "[i]n computing any period of time fixed by rule or court order, the day of the act or event from which the designated period begins to run is not to be included"). We are unconvinced that the eleven days between Mandry's filing of his certification and the court's December 27, 2024 order, without any date set for opposition to be filed within that time, provided ample time for appellants to be heard.

For these reasons, we remand this matter to the court to provide an opportunity for appellants to file opposition and Iacampo to file a reply. The court is directed to hold a case management conference within thirty days and set the filing dates and return date. We decline to address appellants' further contentions regarding the appropriateness of the attorney's fee award out of a fund in court and regarding the amount of the attorney's fees and costs awarded. These issues shall be fully addressed below on the merits. See R. 1:7-4.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1682-24